## Charles W. Duer, Appellee, v. Chicago Coach & Carriage Company, Appellant.

### Gen. No. 20,313.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded with directions. Opinion filed June 17, 1915.

### Statement of the Case.

Bill by Charles W. Duer against Chicago Coach & Carriage Company, to cancel a contract entered into between the parties, under the terms of which the defendant was to manufacture automobiles under complainant's patent. The bill also sought the restraint of further manufacture and an accounting of moneys claimed to be due under the contract. From a decree awarding complainant the sum of $5,959.15, defendant appeals.

ALFRED E. BARR, for appellant.

JOHN A. BROWN, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1.   PATENTS § 32*—*when necessary to allege and prove in action for royalties, impracticability and unprofitableness of manufacture.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

One seeking to recover royalties for the manufacture of a patented article under a license, and the cancellation of the contract, need not allege and prove that the manufacture thereof was practicable and profitable, where the license did not bind the licensee to continue should it prove impracticable or unprofitable to do so.

2. PATENTS, § 34*—*who has burden of showing in action for royalties, impracticability or unprofitableness of manufacture.* Whenever it becomes material to the defense of an action for an accounting for royalties to show that it was impracticable or unprofitable to manufacture under a license, the burden is on the licensee to establish such claim.

3. PATENTS, § 30*—*when action to cancel license constitutes rescission.* The filing of a bill by a licensor to cancel a license to manufacture a patented article, if acquiesced in by the licensee, constitutes an election to rescind.

4. PATENTS, § 30*—*when licensee liable for royalties accruing after suit to cancel license.* Where a licensee, on the filing of a bill by the licensor for the cancellation of a license to manufacture a patented article under a license, denies the licensor's right to rescind, and asserts that the license is in full force and effect, and continues to manufacture thereunder for a year and a half before expressly assenting to a cancellation, *held* that the licensee could not complain of a decree requiring him to account for royalties up to the time of assenting to the cancellation.

5. PATENTS, § 30*—*when verbal cancellation of license not shown.* Where verbal testimony as to notice of ceasing to manufacture a patented article under a license is disputed, such statements will not override the sworn answer of the licensee in an action for an accounting of royalties, asserting the continuance of the license in full force and effect.

6. PATENTS, § 34*—*when action for cancellation of license will not defeat right to royalties subsequently accruing.* The filing of a bill for the cancellation of a license to manufacture a patented article and to recover royalties does not deprive the licensor of the right to an accounting for royalties accruing until the actual cancellation of the license by decree or formal assent of the licensee.

7. INTEREST, § 23*—*when interest recoverable for nonpayment of royalties under license.* Where a license to manufacture a patented article fixes the amount of royalty and the time for payment, interest is recoverable thereon for a failure to make payments when due.

8. PATENTS, § 30*—*when license terminable for impracticability or unprofitableness of manufacture.* A license to manufacture a patented article, *held* to permit the licensee to terminate the contract if it proved impracticable or unprofitable to manufacture thereunder.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. PATENTS, § 30*—*when license terminated.* A licensee *held* not to have terminated a license to manufacture a patented article because it was impracticable or unprofitable to do so.

10. CORPORATIONS, § 334*—*when corporation organized to manufacture carriages and vehicles may make automobiles.* A corporation organized to manufacture and sell "carriages, coaches and other vehicles" may engage in making and selling automobiles.

11. DAMAGES, § 67*—*when royalties accruing after cancellation of license recoverable.* Where on the filing of a bill for an accounting for royalties, and for the cancellation of a license to manufacture a patented article, the licensee asserts the continuance of the license until more than a year after the filing of the bill, when he formally assented to its rescission, *held* that the licensor could not recover royalties or an agreed compensation as superintendent for the licensee, which accrued subsequently to the latter's assent to the cancellation.